JOSEPH H. HUNT
Assistant Attorney General
DAYLE ELIESON
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
STUART J. ROBINSON, CA Bar No. 267183
Trial Attorney
U.S. Department of Justice, Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102
Phone: (415) 436-6635; Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS X. KOTAB, | ) |
| Plaintiff, | ) Case No: 2:18-cv-02031-KJD-CWH ) |
| v. | ) |
| U.S. DEPARTMENT OF THE AIR FORCE, et al., | ) **MOTION TO STAY PROCEEDINGS** ) **UNTIL MARCH 29, 2019** ) |
| Defendants. | ) ) |

Defendants the United States Department of the Air Force, et al., hereby move the Court to stay all proceedings in this matter until March 29, 2019. Defendants have moved to dismiss Plaintiff's complaint on multiple grounds. *See* ECF No. 11. Nevertheless, in light of recent developments concerning Plaintiff's enlistment status, the Court should stay further proceedings in the interest of judicial efficiency and to preserve the resources of the parties and the Court.

1. The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Although the Federal Rules of Civil Procedure do not specifically set forth a procedure for seeking a limited stay, Rule 1 states that the purpose of the Federal Rules is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. To advance the purposes "mandated by Rule 1," a district court should consider a motion to stay particularly when doing so will "maximize the effective

1

utilization of judicial resources." *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2006).

2. On October 22, 2018, Plaintiff Thomas X. Kotab, proceeding *pro se*, filed the instant action against DoD; the Department of the Air Force; Heather Ann Wilson, in her official capacity as Secretary of the Air Force; Anthony M. Kurta, in his official capacity as performing the duties of Under Secretary of Defense for Personnel and Readiness; and Stephanie P. Miller, in her official capacity as Director of Military Accession Policy. Compl., ECF No. 1, at 1-2. Plaintiff alleges he is a lawful permanent ("LPR") who seeks to join the Air Force Reserves. Compl. at 5.

3. Plaintiff challenges two policies issued by the Department of Defense on October 13, 2017. The first pertains to military service suitability and security determinations for LPRs. *See generally* Memo, attached to Compl. as Exhibit A ("LPR Memo"). The LPR Memo requires that, "a Military Service Suitability Determination (MSSD) and National Security Determination (NSD)[] will be made prior to [a LPR's] entry into Active, Reserve, or Guard Service." *Id.* at 1. The second policy, attached to Compl. as Exhibit B, provides guidance regarding the certification of honorable service in support of a foreign-born service member's application for naturalization under 8 U.S.C § 1440. *See generally* Memo, attached to Compl. at Exhibit B ("Certification Memo"). *Id.* With respect to service members in an active component, the memo instructs the component to certify honorable service on USCIS Form N-426 only if the member has "[s]uccessfully completed the basic training requirements of the armed force of which he/she is a member," "[c]ompleted at least 180 days of active duty service, inclusive of the successful completion of basic training," and "[t]he characterization of the member's service is honorable, as determined by the Secretary of the Military Department concerned." *Id.* at 2.

4. On December 20, 2018, Plaintiff signed his enlistment contract and was informed that he is scheduled to ship to basic training on March 16, 2018. This development not only moots his challenge to the LPR Memo, *see* Compl. at 5 (seeking an order permitting him to sign his enlistment contract and ship to basic training); *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (explaining that a plaintiff's challenge is moot when "changes in the

2

circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief"), but also renders him a member of the class certified in *Kuang et al. v. Department of Defense et al.*, No. 3:18-cv-03698-JST (N.D. Cal.), wherein the Court has preliminarily enjoined enforcement of the LPR Memo. *Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2018 WL 6025611 (N.D. Cal. Nov. 16, 2018). Because Plaintiff is a member of a class with respect to this claim, a stay of proceedings as to this claim is thus appropriate. *See Gampala v. Dep't of Homeland Sec.*, No. 18-cv-02302-JSC, 2018 WL 4680182, at *1 (N.D. Cal. Sept. 28, 2018) (granting motion to stay based on first-to-file rule); *see also Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) ("Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel.").

5. A stay of proceedings is also appropriate with respect to Plaintiff's challenge to the Certification Memo. Foreign-born enlistees are able to expedite their naturalization only if they have served in the Armed Forces. *See* 8 U.S.C. § 1440. Plaintiff, having not yet shipped to basic training, is not able to avail himself of this expedited path to naturalization; thus his challenge is premature. As he is scheduled to ship to basic training on March 16, 2019, a stay of proceedings until March 29, 2019, is warranted.

6. For the foregoing reasons, the Court should grant Defendants' motion to stay all proceedings in this matter until March 29, 2019, at which point the parties can update the Court as to how to proceed.[1]

---

[1] On December 20, 2018, Plaintiff called the Department of Justice and stated that, earlier that day, he had signed his enlistment contract and preferred to stay proceedings. As Plaintiff's enlistment rendered him a member of the *Kuang* class, undersigned counsel alerted class counsel in *Kuang* of the communication on December 20, 2018. On December 21, 2018, undersigned counsel conferred with class counsel in *Kuang* about whether, to the extent class counsel now represents Plaintiff with respect to his challenge to the LPR Memo, they would agree to a stay of proceedings until March 29, 2019. Class counsel stated they consent to such a stay. With respect to Plaintiff's challenge to the Certification Memo—not at issue in *Kuang*, and therefore a claim for which Plaintiff is still proceedings *pro se*—undersigned counsel understands, based on the December 20, 2018 discussion with Plaintiff, that Plaintiff also consents to a stay.

Dated: December 21, 2018          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAYLE ELIESON
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Stuart J. Robinson*
STUART J. ROBINSON, CA Bar No. 267183
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635
Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov

*Counsel for Defendants*

**IT IS SO ORDERED**

12/26/2018
DATE                                              U.S. District Judge/

CERTIFICATE OF SERVICE

I, Stuart J. Robinson, certify that the foregoing **MOTION TO STAY** was served on Plaintiff this date via the Court's Electronic Case Filing system. This motion will be served on class counsel, who have not yet entered an appearance, by email.

Dated this 21st day of December 2018.

*/s/ Stuart J. Robinson*
STUART J. ROBINSON